UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NYKAZA GEE,<br><br>        Petitioner,<br>v.<br><br>SUPERINTENDENT,<br> PENDLETON CORRECTIONAL<br> FACILITY,<br><br>        Respondent[1]. | No. 1:08-cv-1403-DFH-JMS |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

    1.    The petitioner's request to proceed *in forma pauperis* (dkt 2) is **granted.**

    2.    Petitioner Gee shall have **through November 17, 2008,** in which to **file an amended petition for writ of habeas corpus** which coherently sets forth his claims for relief as directed in this Entry. He is obligated to do nothing less. *Mayle v. Felix,* 125 S. Ct. 2562, 2570 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to specify all available grounds for relief and to state the facts supporting each ground.").

    3.    The deferential review commanded by the Antiterrorism and Effective Death Penalty Act, codified in part at 28 U.S.C. § 2254 ("AEDPA") applies to claims which the Indiana courts adjudicated on their merits. Pursuant to the AEDPA, "a federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court." *Raygoza v. Hulick,* 474 F.3d 958, 963 (7th Cir. 2007) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 404-06 (2000)). Based on the foregoing, and based also on the fact that notice pleading does not suffice in an action for habeas corpus relief, *see Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), the amended petition shall **include the following information:**

    a.    As to each of the claims asserted in the petition, was it decided on the merits by the Indiana courts?

---

[1]The petitioner's custodian, named in his or her official capacity only, is **substituted** as the sole and proper respondent in this action.

      b.      As to each of the claims decided on the merits by the Indiana courts, in what sense, if any, did the state court's adjudication (i) result in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) result in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States.

      4.      Proceedings other than as directed in this Entry are **stayed.** Once an amended petition for a writ of habeas corpus is filed, it will be reviewed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* If no amended petition for a writ of habeas corpus is issued as directed in this Entry, the action may be dismissed for failure to prosecute without further notice to the parties.

      So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 10/17/2008

Distribution:

Nykaza Gee
DOC #127839
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001